IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GONZALEZ-RIVERA | : | CRIMINAL ACTION |
| | : | NO. 92-cr-00055-1 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| | : | NO. 08-cv-_____ |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Before the court is Petitioner Jose Gonzalez-Rivera's Motion Vacate Conviction Based Upon Petitioner's Factual and Actual Innocence pursuant to 28 U.S.C. § 2241(c)(1) and (3) (Nos. 92-cr-00055, Doc. No. 192).

**I. Procedural History**

On February 7, 1992, a federal grand jury indicted Petitioner for multiple counts of conspiracy to distribute large quantities of cocaine from New York to the Philadelphia region. After a five week jury trial, Petitioner was convicted of the following charges against him: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count I); continuing a criminal enterprise in violation of 21 U.S.C. § 848 (Count II); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in a crime against the United States in violation of 18 U.S.C. § 2 (Counts V and VI); and use of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (Count VIII).

He originally was sentenced to life imprisonment, but upon remand from the Court of Appeals, his sentence was reduced to 36 years imprisonment. On February 26, 2002, the Court

of Appeals affirmed this sentence. On June 28, 2002, the U.S. Supreme Court denied his petition for a writ of certiorari.

On May 6, 2003, Petitioner timely filed his first motion under 28 U.S.C. § 2255 (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 152), in which he raised ineffectiveness of counsel claims. On June 23, 2004, this court denied Petitioner's § 2255 motion and did not issue a certificate of appealability (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 159). On October 28, 2005, the Court of Appeals granted Petitioner's request for a certificate of appealability solely on Petitioner's claim that his counsel was ineffective for failing to initiate plea discussions with the Government, and appointed counsel to represent him. On February 15, 2007, the Court of Appeals affirmed the district court's denial of Petitioner's § 2255 motion. See United States v. Gonzalez-Rivera, 217 Fed. Appx. 166 (3d Cir. 2007). On March 20, 2007, the Court of Appeals denied Petitioner's petition for rehearing.

While the above case was proceeding, on September 12, 2006, Petitioner filed a pro se submission that he characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2) (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 166). The procedural history that followed is discussed in detail in the court's Memorandum and Order of October 31, 2007, and is incorporated by reference herein.

On October 31, 2007, the court ordered Petitioner to notify the court within thirty (30) days whether he would consent to the reclassification of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2) in Civil Action No. 06-cv-04081 as a 28 U.S.C. § 2255 petition, and, if he did consent to such reclassification, to complete the court's current standard form for filing a petition pursuant to 28 U.S.C. § 2255. The court placed Petitioner on notice

that, if he insisted that Civil Action No. 06-cv-04081 proceed as a 28 U.S.C. § 2241 petition, 06-cv-04081 would be dismissed with prejudice for seeking relief that is not available pursuant to 28 U.S.C. § 2241.  The court also placed Petitioner on notice that, if he did not respond to the court's Order within thirty (30) days, Civil Action No. 06-cv-04081 would be dismissed with prejudice for seeking relief not available under 28 U.S.C. § 2241 and for failure to comply with the court's Order.

Petitioner failed to respond to the court's Order of October 31, 2007.  For that reason, on December 14, 2007, the court denied Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(a), (c)(2) and dismissed with prejudice Civil Action No. 06-cv-04081 for seeking relief not available under 28 U.S.C. § 2241 and for failure to comply with the court's Order of October 31, 2007.

On or about July 24, 2008, Petitioner filed the instant motion, which the court received on July 28, 2008.

## II.  Discussion

**A.     The Writ of Habeas Corpus Generally**.

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions

pursuant to AEDPA are the only possible means of obtaining this type of relief from custody. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2003); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

By means of AEDPA, Congress provided that, in the context of a petitioner who is in custody pursuant to a federal judgment, a writ of habeas corpus may issue pursuant to 28 U.S.C. § 2255 (and not pursuant to 28 U.S.C. § 2241) for Constitutional attacks on the *imposition* of a federal conviction and/or a federal sentence. Okereke, 307 F.3d at 120; Cradle v. United States ex rel Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); Coady, 251 F.3d at 485-86; In re Dorsainvil, 119 F.3d at 249-52. Through AEDPA, Congress provided that, in the context of a petitioner in custody pursuant to a federal judgment, a writ of habeas corpus may issue pursuant to 28 U.S.C. § 2241 (and not pursuant to 28 U.S.C. § 2255) for attacks on the Constitutionality of the *execution* of a federal sentence (that do not attack the *imposition* of a federal conviction and/or federal sentence). Id.

By means of AEDPA, Congress also intentionally created a series of restrictive gate-keeping conditions that must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus. One such restrictive gate-keeping condition is AEDPA's strict and short statute of limitations. Another one of these restrictive gate-keeping conditions is AEDPA's "second or successive rule," which generally forbids a litigant from filing a 28 U.S.C. § 2255 habeas if that litigant had a prior 28 U.S.C. § 2255 habeas (attacking the same federal conviction and/or sentence) that was dismissed with prejudice.

**B.       Recharacterization of Petitioner's § 2241 Habeas Petition**.

Petitioner in the instant matter purports to seek habeas corpus relief from his federal custody pursuant to 28 U.S.C. § 2241 (and not pursuant to 28 U.S.C. § 2255). A writ of habeas corpus may issue pursuant to 28 U.S.C. § 2241 for meritorious challenges to the Constitutionality of the *execution* of a state or federal sentence, and not for challenges to the *imposition* of such a conviction and/or sentence. Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 538-39; Coady, 251 F.3d at 485; In re Dorsainvil, 119 F.3d at 249-52. This is a crucial distinction. The second or successive rule of AEDPA does not apply to § 2241 petitions. Zayas v. INS, 311 F.3d 247 (3d Cir. 2002).

In his pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241(c)(1) and (3), Petitioner argues that he is entitled to an evidentiary hearing because he is factually and actually innocent of the offense of a continued criminal enterprise, for which he was convicted. Petitioner's § 2241 petition challenges his conviction and sentence.

Petitioner clearly attacks the Constitutionality of the *imposition* of the federal conviction and sentence of imprisonment upon him, and not the execution of the federal sentence. Accordingly, the instant petition seeks relief that theoretically is only available pursuant to 28 U.S.C. § 2255, and not 28 U.S.C. § 2241. See Okereke, 307 F.3d at 120; Coady, 251 F.3d at 485-86; In re Dorsainvil, 119 F.3d at 249-52. The fact that relief pursuant to 28 U.S.C. § 2255 may possibly be barred pursuant to AEDPA's second or successive rule or pursuant to AEDPA's statute of limitations, does not mean that the barred relief is authorized and available under 28 U.S.C. § 2241. Okereke, 307 F.3d at 120; In re Dorsainvil, 119 F.3d at 251.

Pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), this court may not

5


re-characterize a document that is purportedly seeking 28 U.S.C. § 2241 relief as a 28 U.S.C. § 2255 petition without first:

1. notifying the petitioner that the court believes it is really a § 2255 petition purporting to be something else;

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA);

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. § 2255 petition; and

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that Petitioner consents to the aforesaid recharacterization, then pursuant to Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. § 2255 Proceedings in the United States District Courts, this petition was not filed with the required current standard 28 U.S.C. § 2255 form, prescribed by this court, effective December 1, 2004.

Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. § 2255 habeas cases is necessary to guarantee that a defendant is made aware of the specific warnings required by the Third Circuit to be given at the commencement of any 28 U.S.C. § 2255 habeas case. See United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) (relating to the strict and short statute of limitations that exists for filing a 28 U.S.C. § 2255 petition); Miller, 197 F.3d at 652 (relating to the strict restrictions on filing a second or successive 28 U.S.C. § 2255 petition). These specific Thomas and Miller warnings are

contained in the introductory text of the court's current standard § 2255 form.  Because all district courts within the Third Circuit are required to give petitioners in § 2255 cases the Thomas and Miller warnings at the time of filing, this court cannot waive the form requirements of Local Civil Rule 9.3(a).

An appropriate order therefore follows.

### III.  Conclusion

Accordingly, for the foregoing reasons, this 31st day of July, 2008, it is hereby ORDERED as follows:

1. The Clerk of Court shall docket Petitioner's Motion Vacate Conviction Based Upon Petitioner's Factual and Actual Innocence pursuant to 28 U.S.C. § 2241(c)(1) and (3) (Nos. 92-cr-00055, Doc. No. 192) under a new Civil Action number.

2. The Clerk of Court shall docket this Order under both Criminal Action No. 92-cr-00055 and the new Civil Action number.

3. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. § 2255 (bearing the new Civil Action number).

4. Petitioner must notify this court within thirty (30) days of the date of entry of this Order whether he consents to the reclassification of his Motion Vacate Conviction Based Upon Petitioner's Factual and Actual Innocence pursuant to 28 U.S.C. § 2241(c)(1) and (3) as a 28 U.S.C. § 2255 petition, and, if he does consent to such

      reclassification, he shall complete the enclosed 28 U.S.C. § 2255 form and file it with the Clerk of Court within thirty (30) days of the date of entry of this Order.

5.     Petitioner is hereby placed on notice that, if he insists that the instant petition is a 28 U.S.C. § 2241 petition, the new Civil Action number under which said motion is filed shall be dismissed with prejudice for seeking relief that is not available pursuant to 28 U.S.C. § 2241.

6.     Petitioner is hereby placed on notice that, if he does not respond to this Order within thirty (30) days of the date of entry of this Order, the new Civil Action number under which said motion is filed shall be dismissed with prejudice for seeking relief not available under 28 U.S.C. § 2241 and for failure to comply with this Order.

BY THE COURT:

    S/ James T. Giles
                       J.